PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH FASIH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'18CV1032 BEN BLM**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF**<br><br>**JURY TRIAL DEMAND** |

# INTRODUCTION

1. The average consumer spends a mere 13 seconds making an in-store purchasing decision, or between 10 to 19 seconds for an online purchase.[1] That decision is heavily dependent on a product's packaging, and particularly the package dimensions: "Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2] This lawsuit charges Defendant with intentionally packaging its Knorr Pasta Sides Alfredo products in opaque containers that contain approximately 40% empty space. Consumers, in reliance on the size of the containers, purchased the Knorr Pasta Sides Alfredo products, which they would not have purchased had they known that the containers were substantially empty.

2. Kaveh Fasih ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive actions of Unilever United States, Inc. ("Defendant") with respect to the packaging of its Knorr Pasta Sides products. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. Plaintiff purchased Defendant's Knorr Pasta Sides Alfredo product in the January 2018 in San Diego, California. Plaintiff expected to receive a full container of

---

[1] http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-yourbrands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").

[2] http://www.consumerreports.org/cro/magazinearchive/2010/january/shopping/product-packaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers).

the Knorr Pasta Sides Alfredo product, which is packaged in non-transparent containers, as depicted below. Plaintiff was surprised and disappointed when she opened the Knorr Pasta Sides Alfredo product to discover that the container had **nearly 40% empty space**, or slack-fill. Had Plaintiff known about the slack-fill at the time of purchase, he would not have bought Defendant's product.

4. Defendant's conduct violates consumer protection and labeling laws.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(l)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

6. The Court has jurisdiction over the state law claims because they form part of the same case or controversy under Article III of the United States Constitution.

7. The Court has personal jurisdiction over Defendant because its Knorr Pasta Sides products are advertised, marketed, distributed and sold through the State of California; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial activity with the State of California.

8. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Knorr Pasta Sides products at issue in this action in this judicial district, and it conducts business within this judicial district.

- 3 -
CLASS ACTION COMPLAINT

# PARTIES

9. Plaintiff Kaveh Fasih is a citizen of the State of California and resides in San Diego, California. Plaintiff purchased a Knorr Pasta Sides Alfredo product for personal consumption during the last four years in San Diego, California. Plaintiff purchased the Product in reliance on Defendant's packaging in containers made, formed or filled as to be misleading and containing non-functional slack-fill. Had Plaintiff known the truth about Defendant's misrepresentations, he would not have purchased the Knorr Pasta Sides Alfredo product.

10. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Unilever United States, Inc. is a Delaware corporation with its principal place of business located in Englewood Cliffs, New Jersey. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant, at all times relevant, conducted business in the State of California and within the Southern District of California.

11. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

12. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Unilever United States, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

# FACTUAL ALLEGATIONS

**California Law Prohibits Non-functional Slack-Fill**

13.  Many federal and state consumer protection and labeling laws prohibit deceptive packaging and labeling of products and commodities. In California, the Fair Packaging and Labeling Act ("CFPLA") "is designed to protect purchasers of any commodity within its provisions against deception or misrepresentation. Packages and their labels should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value comparisons." (California Business & Professions Code § 12601.)

14.  In this context, the CFPLA provides: "No food containers shall be made, formed, or filled as to be misleading." (California Business & Professions Code § 12606.2(b).) "A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill." (California Business & Professions Code § 12606.2(c).) Section 12606.2(c) defines "slack fill" as "the difference between the actual capacity of a container and the volume of product contained therein." Similarly, section 12606.2(c) defines "nonfunctional slack fill" as "the empty space in a package that is filled to substantially less than its capacity for reasons other than any one or more of the following:

(1) Protection of the contents of the package.

(2) The requirements of machines used for enclosing the contents of the package.

(3) Unavoidable product settling during shipping and handling.

(4) The need for the package to perform a specific function, such as where packaging plays a role in the preparation or consumption of a food, if that function is inherent to the nature of the food and is clearly communicated to consumers.

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value that is both significant in proportion to the value of the product and independent of its function to hold the food, such as a gift product consisting of a food or foods combined with a container that

is intended for further use after the food is consumed or durable commemorative or promotional packages.

(6) Inability to increase the level of fill or to further reduce the size of the package, such as where some minimum package size is necessary to accommodate required food labeling exclusive of any vignettes or other nonmandatory designs or label information, discourage pilfering, facilitate handling, or accommodate tamper-resistant devices." (California Business & Professions Code § 12606.2(c)(1)-(6).)

15. None of the above safe-harbor provisions applies to the Knorr Pasta Sides products. Defendant intentionally incorporated non-functional slack-fill in its packaging of the Knorr Pasta Sides products in order to mislead consumers, including Plaintiff and Members of the Class.

**Defendant's Products Contain Non Functional Slack-Fill**

16. Defendant's Knorr Pasta Sides products are sold in non-transparent containers. The containers have significant slack-fill, as described below.

17. Nearly 40% of the interior of the Knorr Pasta Sides product containers, which concern the Knorr Pasta Sides Alfredo product purchased by Plaintiff, is comprised of empty space, or non-functional slack fill.





18. Judging from the sizes of the container, a reasonable consumer would expect them to be substantially filled with product. Consumers are misled into believing that they are purchasing substantially more Knorr Pasta Sides product than they receive.

19. There is no functional reason for including so much slack-fill in the Knorr Pasta Sides products.

20. Plaintiff is informed and believes, and upon such information and belief alleges, that consumers have relied upon, and are continuing to rely upon, the size of the Knorr Pasta Sides product containers as the basis for making purchasing decisions. Consumers believe that the Knorr Pasta Sides product containers are substantially full because they cannot see the actual contents within the nontransparent container.

21. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is selling and will continue to sell the Knorr Pasta Sides products using these blatantly deceptive and misleading slack-filled containers.

22. Defendant's packaging and advertising of the Knorr Pasta Sides products violate the CFPLA, as set forth above.

**<u>Plaintiff Relied on Defendant's Misleading and Deceptive Conduct and Was Injured as a Result</u>**

23. The types of misrepresentations made, as described herein, were considered by Plaintiff and Class Members (as would be considered by a reasonable consumer) when deciding to purchase the Knorr Pasta Sides products. Reasonable consumers, including Plaintiff and Class Members, attached importance to whether Defendant's Knorr Pasta Sides products were misbranded, i.e., not legally salable, or capable of legal possession, and/or contain non-functional slack-fill.

24. Plaintiff and the Class Members did not know, and had no reason to know, that the Knorr Pasta Sides products contained non-functional slack-fill.

25. Defendant's product packaging was a material factor in Plaintiff's and the Class Members' decisions to purchase the Knorr Pasta Sides products. Based on Defendant's product packaging, Plaintiff and the Class Members believed that they were getting more Knorr Pasta Sides product than was actually being sold. Had Plaintiff known Defendant's packaging was slack-filled, he would not have bought the slack-filled Knorr Pasta Sides Alfredo product.

26. Plaintiff and the Class Members paid the full price of the Knorr Pasta Sides products and received less Knorr Pasta Sides product than they expected due to the non-functional slack-fill in the Knorr Pasta Sides products.

27. There is no practical reason for the non-functional slack-fill used to package the Knorr Pasta Sides products other than to mislead consumers as to the actual volume of the Knorr Pasta Sides products being purchased by consumers.

28. As a result of Defendant's misrepresentations, Plaintiff and thousands of others throughout California purchased the Products. Plaintiff and the Class (defined below) have been damaged by Defendant's deceptive and unfair conduct.

///

## CLASS ACTION ALLEGATIONS

29.  Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class (collectively, the "Class" or "Classes"), defined as:

**All California residents who made retail purchases of Knorr Pasta Sides products in with non-functional slack-fill, as defined by California Business & Professions Code § 12606.2, during the applicable limitations period up to and including final judgment in this action.**

30.  The proposed Class excludes current and former officers and directors of Defendant, Members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

31.  Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

32.  The Knorr Pasta Sides products sold by Defendant suffer from virtually the same misleading product labeling and nonfunctional slack-fill.

33.  <u>Numerosity</u>: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure. While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class. Based on sales of the Knorr Pasta Sides products it is estimated that the Class is composed of more than 10,000 persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

34. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

35. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that he has no interests antagonistic to those of the other Members of the Class. Plaintiff has retained experienced and competent counsel.

36. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action. If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

37. <u>Common Questions Predominate</u>: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class. Among the common questions of law and fact applicable to the Class are:

    i.    Whether Defendant labeled, packaged, marketed, advertised and/or sold Knorr Pasta Sides products to Plaintiff, and those similarly situated, using false, misleading and/or deceptive packaging and labeling;

    ii.    Whether Defendant's actions constitute violations of the CFPLA, California Business & Professions Code § 12606.2;

    iii.    Whether Defendant omitted and/or misrepresented material facts in connection with the labeling, packaging, marketing, advertising and/or sale of its Knorr Pasta Sides products;

      iv.    Whether Defendant's labeling, packaging, marketing, advertising and/or selling of Knorr Pasta Sides products constituted an unfair, unlawful or fraudulent practice;

      v.    Whether Defendant's packaging of the Knorr Pasta Sides products constituted nonfunctional slack-fill;

      vi.    Whether, and to what extent, injunctive relief should be imposed on Defendant to prevent such conduct in the future;

      vii.    Whether the Members of the Class have sustained damages as a result of Defendant's wrongful conduct;

      viii.    The appropriate measure of damages and/or other relief; and

      ix.    Whether Defendant should be enjoined from continuing its unlawful practices.

38.    The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude his maintenance of this matter as a Class action.

39.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

40.    The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

41.    The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for

Defendant. Additionally, individual actions may be dispositive of the interest of all Members of the Class, although certain Class Members are not parties to such actions.

42. Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, inter alia, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, Cal. Civ. Code § 1750, *et seq*.

43. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

44. Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

45. Plaintiff and the Class Members are consumers who purchased the Knorr Pasta Sides products for personal, family or household purposes. Plaintiff and the Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d). Plaintiff and the Class Members are not sophisticated experts with independent knowledge of corporate branding, labeling and packaging practices.

46. The Knorr Pasta Sides products that Plaintiff and other Class Members purchased from Defendant were "goods" within the meaning of Cal. Civ. Code § 1761(a).

47. Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

48. Defendant violated California law because the Knorr Pasta Sides products are packaged in containers made, formed or filled as to be misleading and which

contain non-functional slack-fill, and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

49. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "Misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents that the Knorr Pasta Sides products have quantities they do not have.

50. Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it advertises goods as containing more product than they in fact contain.

51. Plaintiff and the Class Members are not sophisticated experts about corporate branding, labeling and packaging practices. Plaintiff and the Class acted reasonably when they purchased the Knorr Pasta Sides products based on their belief that Defendant's representations were true and lawful.

52. Given the materiality of Defendant's misrepresentations, Plaintiff and the Class Members are entitled to a presumption of reliance.

53. Plaintiff and the Class suffered injuries caused by Defendant because (a) they would not have purchased the Knorr Pasta Sides products on the same terms absent Defendant's illegal and misleading conduct as set forth herein; (b) they purchased the Knorr Pasta Sides products due to Defendant's misrepresentations and deceptive packaging in containers made, formed or filled as to be misleading and

containing non-functional slack-fill; and (c) the Knorr Pasta Sides products did not have the quantities as promised.

54. On or about March 6, 2018, prior to filing this action, Plaintiff sent a CLRA notice letter to Defendant which complies with California Civil Code 1782(a). Plaintiff sent Unilever US (Unilever United States, Inc.), individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of the letter is attached hereto as Exhibit 1.

55. Wherefore, Plaintiff seeks injunctive relief for these violations of the CLRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

(A) For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representatives, and designating Plaintiff's counsel as counsel for the Class;

(B) For an Order declaring that Defendant's conduct violated the CLRA, Cal. Civ. Code § 1750, et seq.;

(C) For injunctive relief as pleaded or as the Court may deem proper;

(D) For an order of restitution and all other forms of equitable monetary relief, as pleaded;

(E) For compensatory damages in amounts to be determined by the Court and/or jury;

(F) For punitive damages;

(G) For prejudgment interest on all amounts awarded;

1     (H) For an Order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit as pleaded pursuant to, *inter alia*, Cal. Civ. Code § 1780(e) and Cal. Civ. Proc. Code § 1021.5; and

    (I) For such other and further relief as the Court deems just and proper.

Date: May 23, 2018                Respectfully submitted,

                                       PACIFIC TRIAL ATTORNEYS
                                       A Professional Corporation

                                       By: */s/Scott J. Ferrell*
                                              Scott J. Ferrell
                                              Attorneys for Plaintiff

# **DEMAND FOR TRIAL BY JURY**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Date: May 23, 2018

Respectfully submitted,

PACIFIC TRIAL ATTORNEYS
A Professional Corporation


By: */s/Scott J. Ferrell*
　　　Scott J. Ferrell

Attorneys for Plaintiff